IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS L. DAVIS, #170984,     )
                                  )
    Petitioner,           )
                                  )
    v.                    )   CASE NO. 2:25-cv-365-ECM
                                  )          [WO]
JOHN CROW,           )
                                  )
    Respondent.        )

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Petitioner Thomas L. Davis ("Davis"), a *pro se* inmate in the custody of the Alabama Department of Corrections at Elmore Correctional Facility ("Elmore"), brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 arising out of the Alabama Bureau of Pardons and Parole's revocation of his parole. (Doc. 1).  Respondent John Crow ("Respondent"), the Warden of Elmore, moved to dismiss Davis' petition for failure to exhaust available state remedies. (Doc. 16 at 5).  On June 18, 2026, the Magistrate Judge recommended that the Respondent's motion to dismiss be granted and this case be dismissed without prejudice for failure to exhaust. (Doc. 27).  Davis timely filed objections to the Recommendation. (Docs. 29, 30).  After carefully reviewing the record in this case, the Magistrate Judge's Recommendation, and Davis' objections, the Court concludes that Davis' objections are due to be overruled, the Recommendation is due to be adopted, and this case is due to be dismissed without prejudice.

## II.  LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

## III.  DISCUSSION

In his § 2241 petition, Davis claims that his parole was revoked "without minimum due process as provided in *Morrissey v. Brewer*[, 408 U.S. 471 (1972)]," and that he was deprived of a final hearing. (Doc. 1 at 2).  The Magistrate Judge recommends dismissal for failure to exhaust available state remedies on the grounds that Davis did not present the

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

federal procedural due process claim in his instant § 2241 petition[2] to the state's highest court—here, the Alabama Supreme Court. (Doc. 27 at 5).  In his objections, Davis acknowledges that he did not "mention verbatum [sic] a constitutional claim in his writ of certiorari to the Alabama Supreme Court." (Doc. 29 at 1).  He contends, however, that Alabama Code § 15-22-32, which governs parole revocations, "clearly states due process must be met," and that his arguments to the Alabama Supreme Court "were centered around a violation of [his] due process which is clearly a constitutional claim." (*Id.*).  He further argues that the Court should construe his state court filings liberally because he is *pro se*. (Doc. 30).

Davis' petition for writ of certiorari ("cert petition") to the Alabama Supreme Court states as follows in its entirety:

> The parole board failed to adhere to the guidelines mandated in § 15-22-32 Ala. Code 1975 as amended in 2023 and further ignored its own established policy and procedures. It also ignored and overrode its own parole hearing officer recommending a dunk (county jail or prison) period/time of 180 days before released fully back onto parole and fully revoked petitioner's parole. Petitioner respectfully requests this Court to fully review petitioner's revocation proceedings from time of violation to present. Petitioner reserves the right to submit additional facts and/or pleading.

(Doc. 22-3).  The cert petition plainly relies only on Alabama law and does not mention

---

[2] While his petition is not a model of clarity, the Court agrees with the Magistrate Judge's finding—to which Davis does not object—that the § 2241 petition raises a federal procedural due process claim.  As stated above, Davis' petition cites the Supreme Court's decision in *Morrissey*, which addressed the minimum due process requirements for a parole revocation under the Fourteenth Amendment to the United States Constitution. *See* 408 U.S. at 472, 481–90.  Additionally, Davis' objections, (doc. 30), make clear that he asserts a Fourteenth Amendment procedural due process claim in this case.

the United States Constitution or the Fourteenth Amendment. To infer a federal claim in this cert petition would go beyond a liberal construction of the filing and instead would require the Court to rewrite it, which the Court may not do. *Cf. Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that, although courts should construe *pro se* civil complaints liberally, courts may not "rewrite an otherwise deficient pleading in order to sustain an action" (citation omitted)). Because he did not present his federal constitutional claim to the state's highest court, Davis has therefore failed to exhaust his available state remedies. *See Johnson v. Florida*, 32 F.4th 1092, 1096 (11th Cir. 2022). Consequently, Davis' objections are due to be overruled, and this case is due to be dismissed without prejudice.

### IV. CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1.      Davis' objections (docs. 29, 30) are OVERRULED;

2.      The Recommendation of the Magistrate Judge (doc. 27) is ADOPTED;

3.      The Respondent's motion to dismiss (doc. 16 at 5) is GRANTED as set forth herein;

4.      Davis' § 2241 petition is DISMISSED without prejudice for failure to exhaust available state remedies;

5.      All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

4

A separate Final Judgment will be entered.

DONE this 23rd day of July, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE